O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  | Case No. 8:15-CV-00425 (VEB) |
|---|---|
| DEBRA M. RIQUIER, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In January of 2012, Plaintiff Debra M. Riquier applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorneys, Law Offices of Lawrence D. Rohlfing, Brian C. Shapiro, Esq. of counsel, commenced this action seeking judicial review of

1

the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 10, 27). On May 31, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 26).

## II. BACKGROUND

Plaintiff applied for Disability Insurance Benefits on January 19, 2012, alleging disability beginning July 5, 2011, due to various impairments. (T at 175-80).[1]   The application was denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On August 7, 2013, a hearing was held before ALJ Sharilyn Hopson. (T at 51).  Plaintiff appeared with her attorney and testified. (T at 55-59, 64-69).  The ALJ also received testimony from Dr. Arnold Ostrow, a medical expert (T at 60-64), and Corine Porter, a vocational expert (T at 69-76).

On October 5, 2013, the ALJ issued a written decision denying the application for benefits.  (T at 36-50).  The ALJ's decision became the Commissioner's final decision on January 21, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

On March 17, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on October 7, 2015. (Docket No. 13). The parties filed a Joint Stipulation on May 16, 2016. (Docket No. 25).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

## III. DISCUSSION

### A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

3

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

1   vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

2       The Commissioner has established a five-step sequential evaluation process

3   for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

4   one determines if the person is engaged in substantial gainful activities. If so,

5   benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

6   decision maker proceeds to step two, which determines whether the claimant has a

7   medically severe impairment or combination of impairments. 20 C.F.R. §§

8   404.1520(a)(4)(ii), 416.920(a)(4)(ii).

9       If the claimant does not have a severe impairment or combination of

10   impairments, the disability claim is denied. If the impairment is severe, the

11   evaluation proceeds to the third step, which compares the claimant's impairment(s)

12   with a number of listed impairments acknowledged by the Commissioner to be so

13   severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

14   416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

15   equals one of the listed impairments, the claimant is conclusively presumed to be

16   disabled. If the impairment is not one conclusively presumed to be disabling, the

17   evaluation proceeds to the fourth step, which determines whether the impairment

18   prevents the claimant from performing work which was performed in the past. If the

19   claimant is able to perform previous work, he or she is deemed not disabled. 20

20

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

1    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

2    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

3            "The [Commissioner's] determination that a plaintiff is not disabled will be

4    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

5    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

6    evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

7    n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

8    599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

9    reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

10   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

11   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

12   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

13   the Court considers the record as a whole, not just the evidence supporting the

14   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

15   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

16           It is the role of the Commissioner, not this Court, to resolve conflicts in

17   evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

18   interpretation, the Court may not substitute its judgment for that of the

19   Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

20

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 5, 2011, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2016 (the "date last insured"). (T at 18).    The ALJ found that Plaintiff's partial hepatectomy, hypertension, migraines, chronic pain syndrome with opioid dependence, status-post cervical spine fusion, status right elbow surgery, status post right shoulder surgery, status post mavicular surgery, and chronic pancreatitis were "severe" impairments under the Act. (Tr. 41).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 41).

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 CFR § 416.967 (b), as follows: Plaintiff can lift/carry 10 pounds frequently, 20 pounds occasionally; sit/stand/walk for 6 hours in an 8-hour workday; could not do work about the shoulder bilaterally; could do gross and fine motor movements with upper extremities occasionally; could occasionally stoop, kneel, crouch, crawl, and climb stairs; could not climb ladders, ropes, or scaffolds; and should avoid all exposure to dangerous and moving machinery. (T at 42).

The ALJ found that Plaintiff could perform her past relevant work as a "utilization review [agent]." (T at 46).    Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between July 5, 2011 (the alleged onset date) and October 15, 2013 (the date of the decision) and was therefore not entitled to benefits. (T at 46). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issue**

As set forth in the Joint Stipulation (Docket No. 25, at p. 4), Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

reversed.   Plaintiff challenges the ALJ's credibility determination.   This Court addresses Plaintiff's argument as follows.

## IV. ANALYSIS

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

**A.      Summary of Testimony**

Plaintiff testified as follows:

She last worked in July of 2011.  She stopped working following foot surgery and an attack of pancreatitis. (T at 55).  She lives with her husband and two teenage sons. (T at 56).  She has a driver's license, but only drives for limited distances due to dizzy spells. (T at 57).  She abstains from alcohol and does not use any illegal drugs or smoke. (T at 57-58).  She graduated from high school and completed some college. (T at 58).

Her left foot tends to swell.  She also experiences elbow pain and chronic migraines. (T at 58).  Her blood pressure fluctuates, causing vomiting.  To address this, she takes medication, but then needs to lay down for the balance of the day. (T at 59).  Occasional sciatica causes significant pain in the right side, perhaps once or twice a month. (T at 65).  Her ability to walk long distances is limited. (T at 65).  She can walk for approximately 2 hours.  She can stand for about an hour and sit for 2 hours.  She can lift approximately 15 pounds. (T at 65).  She can attend to personal care needs. (T at 65).  Her hands are sometimes shaky, making it difficult to hold objects and engage in fine motor activities. (T at 66).  Blood pressure spikes and migraines cause double vision, vertigo, and difficulty concentrating. (T at 66).

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

1    Medication side effects are an issue.  She experiences drowsiness and avoid

2    driving. (T at 67). Migraines cause auras and nausea.  (T at 68).

3    The ALJ concluded that Plaintiff's medically determinable impairments could

4    reasonably be expected to cause the alleged symptoms, but that her statements

5    regarding the intensity, persistence, and limiting effects of the symptoms were not

6    fully credible. (T at 43).

7    For the following reasons, this Court finds the ALJ's credibility analysis is

8    flawed and cannot be sustained.

9    **B.    Activities of Daily Living**

10   The ALJ found that Plaintiff "engaged in a somewhat normal level of daily

11   activity and interaction." (T at 43).   In particular, the ALJ concluded that the

12   physical and mental capabilities necessary to perform Plaintiff's activities of daily

13   living "replicate those necessary for obtaining and maintaining employment." (T at

14   43).   However, the ALJ's actual analysis of Plaintiff's activities of daily living is

15   sparse and a review of the evidence calls the ALJ's conclusion into serious question.

16   For example, the ALJ cited a pain questionnaire completed by Plaintiff in

17   April of 2012, in which she reported that she spent time with her children, drove,

18   cooked, and did light cleaning, as evidencing an ability to perform light work, as

19   limited by the RFC determination. (T at 210).

20

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

1   However, Plaintiff explained that she only did those activities as much as she

2   could "tolerate" them and would "lay down and just rest" when she felt ill. (T at

3   210).  She also noted that she needed to stop an activity because of pain nearly every

4   day and needed assistance driving further than 5-10 miles. (T at 211).

5   The ALJ also found it significant that Plaintiff "went to Las Vegas just a week

6   before the hearing." (T at 43).   However, Plaintiff's testimony regarding that trip

7   was sparse, with Plaintiff reporting that she "was in bed early" and with no

8   testimony being elicited regarding Plaintiff's limitations during the trip or pain

9   thereafter. (T at 69).  Plaintiff testified that she had taken 2 or 3 trips to Las Vegas

10   over the prior two years. (T at 69).  The ALJ did not explain how these infrequent

11   trips to Las Vegas translated into an ability to perform competitive, remunerative

12   work consistent with the RFC determination.

13   The ALJ's failure to consider this context is significant.  If the ALJ had

14   offered an actual analysis of Plaintiff's activities of daily living, accounting for the

15   limitations she identified, then this Court would be obliged to defer to that analysis.

16   Instead, the ALJ simply cited the activities and concluded that they were

17   inconsistent with the Plaintiff's subjective allegations.  This is insufficient.  The

18   Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried

19   on certain daily activities ... does not in any way detract from her credibility as to her

20

1  overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting

2  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

3       "The Social Security Act does not require that claimants be utterly

4  incapacitated to be eligible for benefits, and many home activities are not easily

5  transferable to what may be the more grueling environment of the workplace, where

6  it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885

7  F.2d 597, 603 (9th Cir. 1989).

8       Recognizing that "disability claimants should not be penalized for attempting

9  to lead normal lives in the face of their limitations," the Ninth Circuit has held that

10  "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed

11  limitations would these activities have any bearing on [her] credibility." *Reddick v.*

12  *Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v.*

13  *Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between

14  activities of daily living and activities in a full-time job are that a person has more

15  flexibility in scheduling the former than the latter, can get help from other persons . .

16  ., and is not held to a minimum standard of performance, as she would be by an

17  employer. The failure to recognize these differences is a recurrent, and deplorable,

18  feature of opinions by administrative law judges in social security disability

19

20

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

1   cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir.

2   2014)).

3       For the foregoing reasons, this Court finds that the ALJ's conclusory reference

4   to Plaintiff's activities of daily living was an insufficient basis on which to discount

5   her credibility.

6   **C.   Conservative Treatment History**

7       The ALJ also discounted Plaintiff's credibility because the ALJ found that she

8   had "not generally received the type of medical treatment one would expect for a

9   totally disabled individual …." (T at 43).   The ALJ explained that Plaintiff had

10  received "routine, conservative and non-emergency treatment since the alleged onset

11  date." (T at 43).   However, the ALJ's conclusion is entirely inconsistent with the

12  medical record.

13      Plaintiff had foot surgery on July 7, 2011. (T at 506).   She was hospitalized

14  for three days from August 9-12, 2011 and then for four days from August 14-17,

15  2011, due to persistent nausea, vomiting, and diarrhea. (T at 290, 328).   She was

16  hospitalized for nine days from September 6-14, 2011, because of recurrent nausea,

17  vomiting, and abdominal pain. (T at 479).   In October 2011, she fell after becoming

18  dizzy and was treated in the emergency room. (T at 316).   Plaintiff was hospitalized

19  from October 15, 2011, through October 25, 2011 with vomiting, nausea, and

20

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

recurrent abdominal pain. (T at 482, 484, 545).  She was admitted to the hospital again from November 24-27, 2011 with intractable nausea, vomiting, and abdominal pain. (T at 587).  Plaintiff was hospitalized from December 27, 2011, through January 3, 2012 with similar symptoms. (T at 604).  Another hospitalization was necessary for five days in February 2012. (T at 798-99).

Plaintiff's symptoms caused additional hospital stays from April 1-3, 2012 (T at 1222); June 3-5, 2012 (T at 1161), August 25-27, 2012 (T at 1194), September 6-7, 2012 (T at 1115); January 8-10, 2013 (T at 1337-38); February 21-23, 2013 (T at 1331); July 20-23, 2013 (T at 1496); and October 10-12, 2013 (T at 1396).  Plaintiff was treated in the emergency room on May 29, 2012 (T at 1181-83), July 21, 2012 (T at 1138-40), and August 2, 2012. (T at 1127-29).

The ALJ's description of Plaintiff's treatment history as "routine, conservative and non-emergency" (T at 43) can hardly withstand even a cursory review of the record outlined above.

Indeed, the Commissioner does not even attempt to defend the ALJ's finding. Rather, the Commissioner suggests that the ALJ's characterization of Plaintiff's treatment history as "conservative" may have been "an inadvertent scrivener's error." The Commissioner thus acknowledges the error, but contends that it was harmless. (Docket No. 25, at p. 21).   This Court finds this argument unavailing.

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

Indeed, in light of the errors outlined above regarding the assessment of Plaintiff's activities of daily living, this Court finds that the ALJ's credibility assessment cannot be sustained.

Moreover, the Commissioner cannot now advance this post-hoc rationale. *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009)("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

This Court is mindful that there is evidence in the record supporting the ALJ's decision.   No treating or examining doctor opined that Plaintiff had disabling limitations.   Dr. Ostrow, a non-reviewing medical expert, reviewed the record and concluded that Plaintiff retained the RFC to perform some light work. (T at 62-63). Two State Agency review physicians (Dr. Resnik and Dr. Green) also concluded that Plaintiff was capable of a range of light work activity. (T at 84-85, 99-100).

However, "[t]he fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

because it is not substantiated affirmatively by objective medical evidence."); *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("It is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings.").

Accordingly, the Commissioner cannot salvage the ALJ's decision simply by pointing to the lack of objective medical corroboration. The other two reasons cited by the ALJ for discounting Plaintiff's credibility (her daily activities and "conservative" treatment history) are insufficient to support the ALJ's decision for the reasons outlined above. A remand is therefore required.

**D.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. As noted above, no physician assessed disabling limitations and the objective medical record contains support for a finding of non-disability. The ALJ might, upon a

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB

proper assessment of Plaintiff's activities of daily living and treatment history, reach the conclusion that Plaintiff is not disabled. However, because the ALJ's consideration of the activities of daily living did not adequately account for the context and limited nature of the activities and because the ALJ's characterization of the treatment history is clearly at odds with the record, those issues will need to be revisited on remand.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees and costs.

DATED this 25th day of July, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – RIQUIER v COLVIN 8:15-CV00425-VEB